**Filed 6/11/96**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JERRY DON WOODS,

    Defendant - Appellant.

No. 95-6259

W.D. Oklahoma

(D.C. No. CR-94-31-A)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **BARRETT**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Jerry Don Woods appeals his guideline sentence of sixty-three months imprisonment and a $75,000 fine, imposed following his guilty plea to three counts of

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

mail fraud in violation of 18 U.S.C. § 1341. He contends that the district court erred by imposing a two-level upward adjustment for obstruction of justice and by refusing to grant a three-level downward adjustment for acceptance of responsibility. We affirm.

### A. Obstructing or Impeding the Administration of Justice

Woods contends the district court erred by enhancing his sentence by two levels for obstruction of justice pursuant to USSG §3C1.1. This section provides for an enhancement "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense." Id. "[T]hreatening, intimidating, or otherwise unlawfully influencing a co-defendant, witness, or juror, directly or indirectly, or attempting to do so," is the type of conduct that can justify an enhancement. Id., comment. (n.3(a)); see also United States v. Edwards, 69 F.3d 419, 440-41 (10th Cir. 1995) (threatening a witness can justify an enhancement for obstruction of justice), petitions for cert. filed, 64 U.S.L.W. 3593 (Feb. 23, 1996) (No. 95-1355), (Feb. 29, 1996) (No. 95-8147), (Mar. 4, 1996) (No. 95-8134); United States v. Hollis, 971 F.2d 1441, 1460 (10th Cir. 1992) (same), cert. denied, 507 U.S. 985 (1993).

The district court based the obstruction of justice enhancement upon testimony given by Perry Gilstrap, an oil field driller for a couple of Woods' oil well projects; Steven Miller, another driller involved in Woods' oil well projects; and Special Agent

David Swanson of the FBI concerning threats made by Woods over the phone.  On March 2, 1992, exactly two years prior to Woods' indictment, Woods called Gilstrap, instructing him to turn off certain oil wells.  Woods went into a rage and made a series of serious threats, however, when Gilstrap admitted that he had talked to the FBI. Appellant's App. R. Vol. I, Tab 8.  Gilstrap then called Miller to discuss his conversation with Woods.  Gilstrap and Miller's discussion was interrupted when Woods called again, and Gilstrap provided for a three-way telephone conversation.  Woods then made additional threats, warning both of them not to talk to the FBI, screaming that he wanted them to shut in the wells, and demanding they get off his lease.[1]  At sentencing, Swanson testified that these two conversations were attempts by Woods to impede the investigation.  Id., Tab 7, at 25.

On appeal, Woods concedes that he was in a rage and threatened Gilstrap and Miller, but argues his rage was directed at "Gilstrap shutting down the wells . . . and not . . . regarding his conversations with the FBI."  Appellant's Br. at 7.  He further contends that because the phone calls were two years prior to indictment and "did not impede the investigation, and . . . were the only such statements alleged to be made to any potential witnesses, [that] these two telephone conversations should not be considered obstruction

---

[1]Miller informed Swanson that Woods made the following threats:  "I'm going to come up and smash your faces in. . . .  I know where you guys live, and Perry, I know your address in Broken Arrow. . . .  You can take this as a threat. . . .  I don't care who is up there, the Sheriff and the FBI, I'll do what I want."  Appellant's App. R. Vol. I, Tab 9.

of justice." Id. at 8-9. The district court found, however, that Woods "is not credible, in his testimony that he recalls no threats pertaining to the FBI or a pending investigation when he spoke to Mr. Gilstrap and later with Mr. Gilstrap and Mr. Miller both." Appellant's App. Vol. I, Tab 10, at 40. Specifically, the court found "that Mr. Woods is not truthful in his statement that he had no inkling of an Indictment, as of the Second of March, the time of the conversation." Id. These factual determinations by the district court are not clearly erroneous. See United States v. Nelson, 54 F.3d 1540, 1543 (10th Cir. 1995). The district court, therefore, properly adjusted Woods' offense level upward pursuant to USSG §3C1.1.

### B. Acceptance of Responsibility

Woods also asserts that he was improperly denied a three-level downward adjustment for his acceptance of responsibility. The offense level should be reduced by two levels "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." USSG §3E1.1(a). A defendant may qualify for an additional one level reduction by "timely notifying the authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently." USSG §3E1.1(b)(2).

Woods admits his pre-arrest actions "may not have been consistent with acceptance of responsibility." Appellant's Br. at 12. These actions include: (1) fleeing

the jurisdiction, without telling anyone where he was going, after being advised by his attorney that he was under indictment and "not to flee," Appellee's Suppl. App. at 1-3; (2) fraudulently withdrawing $113,000.00, with his brother, John Woods, from their business, Landmark Limited, prior to fleeing, Appellant's App., R. Vol. II, PSR, ¶ 61; id., R. Vol. I, Tab 2, at 3; id., Tab 6, at 42; and (3) possessing a driver's license and Social Security Card in the name of William Marion Warren, Jr. upon his arrest in Cathedral City, California. Appellant's App., R. Vol. II, PSR, ¶ 63. Despite these actions, Woods argues that the district court erred in denying him a reduction for acceptance of responsibility because after his arrest he agreed to plead guilty and "did everything possible to accept responsibility." Appellant's Br. at 3.

The district court addressed Woods' contention concerning acceptance of responsibility by noting the emphasis that the Application Notes under §3E1.1 place on timeliness, stating:

> [T]he acceptance of responsibility here was not timely but it occurred at a point where not only was the defendant caught red-handed in a situation in which his conduct was virtually indefensible; but, in which, if he had gone to trial he would have met the powerful inference to be drawn from flight and the use of assumed names in California. . . . [t]he defendant was not really situated to mount a very powerful defense.

Appellant's App. R. Vol. I, Tab 2, at 2-3.

The district court also relied on Application Note 4 under §3E1.1, in concluding that "it's a rare case in which there can simultaneously be an upward adjustment for

obstruction of justice and a downward adjustment for accepting responsibility." Id., at 3.[2]
The district court then determined that this was "not such a case." Id. We cannot say that this determination was clearly erroneous. See, e.g., United States v. Spedalieri, 910 F.2d 707, 712 (10th Cir. 1990).

For the reasons stated above, we AFFIRM the sentence imposed by the district court.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

---

[2]Application Note 4 under §3E1.1 reads as follows:

4.    Conduct resulting in an enhancement under §3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct. There may, however, be extraordinary cases in which adjustments under both §§3C1.1 and 3E1.1 may apply.

USSG §3E1.1, comment. (n.4).